**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| BLACKBIRD TECH LLC d/b/a BLACKBIRD TECHNOLOGIES, | ) ) ) | C.A. No. 19-2110-CFC |
| Plaintiffs, | ) ) | |
| | ) | **JURY TRIAL DEMANDED** |
| v. | ) ) | |
| RITE AID CORPORATION, | ) ) | |
| Defendant. | ) ) | |

**DEFENDANT RITE AID CORPORATION'S ANSWER AND DEFENSES
TO BLACKBIRD TECH LLC d/b/a BLACKBIRD TECHNOLOGIES'
COMPLAINT FOR PATENT INFRINGEMENT**

Defendant, Rite Aid Corporation, ("Rite Aid" or "Defendant"), by and through its undersigned counsel, hereby answers the Complaint for Patent Infringement ("Complaint") of Blackbird Tech LLC d/b/a Blackbird Technologies, ("Blackbird Technologies" or "Plaintiff") as follows:

**THE PARTIES**

1.      Plaintiff Blackbird Technologies is a Delaware limited liability company with its principal place of business located at 200 Baker Ave., Suite 303, Concord, MA 01742.

**ANSWER**:  Rite Aid is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1, and therefore denies each and every allegation contained therein.

2.      Rite Aid is a corporation organized and existing under the laws of Delaware, with its principal place of business located at 30 Hunter Lane, Camp Hill, PA 17011.

**ANSWER**:  Admitted.

## JURISDICTION AND VENUE

3.      This is an action for patent infringement arising under the patent laws of the United States of America, Title 35, United States Code §§ 100, *et seq.*

**ANSWER**:  Rite Aid admits that the Complaint purports to state a claim for patent infringement under Title 35, United States Code §§ 100, *et seq.*  Rite Aid denies that Blackbird Technologies is entitled to any relief whatsoever with regard to the allegations against Rite Aid.

4.      This Court has subject matter jurisdiction over this action per 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1338(a) (patent jurisdiction).

**ANSWER**:  Paragraph 4 contains conclusions of law to which no answer is required.  To the extent that an answer is required, Rite Aid admits that 28 U.S.C. §§ 1331 and 1338(a) provide subject matter jurisdiction to this Court for cases arising under federal patent law.  Otherwise, denied.

5.      This Court has personal jurisdiction over Defendant because Defendant is subject to general and specific jurisdiction in the state of Delaware. Defendant is subject to personal jurisdiction because Defendant is a Delaware corporation and because Defendant has transacted business within Delaware and committed acts of patent infringement in Delaware. Defendant has made certain minimum contacts with Delaware such that the maintenance of this suit does not offend traditional notions of fair play and substantial justice. Defendant regularly conducts business in Delaware, including by offering for sale Rite Aid products in 16 Rite Aid stores located in Delaware. *See*, *e.g.*, https://locations.riteaid.com/locations/search.html?q=delaware.[1] Defendant has marketed, offered, and provided the infringing instrumentality in Delaware to citizens of Delaware through various interactive means, including but not limited to its website (riteaid.com) and the retailers located in Delaware. The exercise of personal jurisdiction comports with Defendant's right to due process because, as described above, Defendant has purposefully availed itself of the privilege of Delaware corporate laws and of conducting activities within Delaware such that it should reasonably anticipate being haled into court here. As alleged herein, the acts by Defendant in this district have caused injury to Blackbird Technologies.

**ANSWER**:  Paragraph 5 contains conclusions of law to which no answer is required.  To the extent that an answer is required, Rite Aid admits that this Court has personal jurisdiction over

---

[1] All websites cited in this Complaint were accessed on or around November 6, 2019.

Rite Aid solely for the purposes of this litigation because Rite Aid is a Delaware corporation and offers products for sale from at least 16 Rite Aid stores located in Delaware.  Otherwise, denied.

6.      Venue is proper in the District of Delaware pursuant to 28 U.S.C. § 1391(b) and (c) and § 1400(b) at least because Defendant resides in the District of Delaware, transacts business within this district, and has committed acts of infringement in this district.

**ANSWER**:  Paragraph 6 contains conclusions of law to which no answer is required.  To the extent that an answer is required, Rite Aid admits that venue is proper solely for the purposes of this litigation because Rite Aid resides in and transacts business in the District of Delaware.  Otherwise, denied.

## THE PATENT-IN-SUIT

7.      U.S. Design Patent No. D666,358 (the "'358 patent") entitled, "Face Sponge," was duly and legally issued by the U.S. Patent and Trademark Office on August 28, 2012.

**ANSWER**:  Rite Aid admits that the '358 Patent is entitled "Face Sponge."  Rite Aid admits that the face of the '358 Patent indicates that it was issued on August 28, 2012.  Otherwise, denied.

8.      Blackbird Technologies is the owner by assignment of all right, title, and interest in and to the '358 patent, including all right to recover for any and all infringement thereof. The '358 patent is valid and enforceable. A true and correct copy of the '358 patent is attached as Exhibit A.

**ANSWER**:  Rite Aid admits that a copy of the '358 Patent was attached as Exhibit A to the Complaint.  Rite Aid is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8, and therefore denies them.

9.      The claims of the '358 patent are directed to a unique ornamental design for a face sponge, as shown and described.

**ANSWER**:  Rite Aid admits that on its face, the claim of the '358 Patent is directed to "[a]n ornamental design for a face sponge, as shown and described."  Otherwise, denied.

10.      Rite Aid has not obtained permission from Blackbird Technologies to use the design of the '358 patent.

**ANSWER**:  Paragraph 10 contains conclusions of law to which no answer is required.  To

the extent that an answer is required, Rite Aid admits that it did not seek permission from Blackbird

Technologies because, among other reasons, no such permission was required. Otherwise, denied.

11.      Below is a side-by-side comparison of the patented design of the '358 patent and
the Rite Aid Daylogic Complexion Perfection Specialty Sponge product. As is apparent, Rite Aid
has misappropriated Blackbird Technologies patented design.



**ANSWER**:  Paragraph 11 contains conclusions of law to which no answer is required.  To the extent that an answer is required, Rite Aid admits that the image in Paragraph 11 depicts the Rite Aid Daylogic Complexion Perfection Specialty Sponge product on the right and Figures 1 through 6 of the '358 Patent on the left.  Otherwise, denied.

## COUNT I – INFRINGEMENT OF THE '358 PATENT

12.     Blackbird Technologies reasserts and incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

**ANSWER**:  Rite Aid fully incorporates its responses to all prior paragraphs as if fully set forth in full in this cause of action.

13.     Rite Aid has infringed and continues to infringe the '358 patent by manufacturing, using, distributing, offering to sell and/or selling in the United States the Rite Aid Daylogic Complexion Perfection Specialty Sponge, which embodies the design covered by the '358 patent. Rite Aid's infringing activities violate 35 U.S.C. § 271.

**ANSWER**:  Rite Aid denies the allegations contained in Paragraph 13.

## DAMAGES

14.     Blackbird Technologies has sustained damages as a direct and proximate result of Rite Aid's infringement of the '358 patent.

**ANSWER**:  Rite Aid denies the allegations contained in Paragraph 14.

15.     As a consequence of Rite Aid's past infringement of the '358 patent, Blackbird Technologies is entitled to restitutionary relief against Rite Aid in the form of disgorgement of wrongfully obtained profits pursuant to 35 U.S.C. §289 and any other appropriate relief.

**ANSWER**:  Rite Aid denies the allegations contained in Paragraph 15.

## RESPONSE TO PRAYER FOR RELIEF

Rite Aid denies that Blackbird Technologies is entitled to any relief sought by the Complaint, including but not limited to the relief requested in Paragraphs A through G of Blackbird Technologies' Prayer for Relief.

To the extent that any allegations of the Complaint have not been specifically admitted or denied above, Rite Aid denies them.

## DEFENSES

Without assuming the burden of proof on any matters where that burden rests on Blackbird Technologies, Rite Aid asserts the following defenses with respect to the Complaint:

**First Defense**
**(Failure to State a Claim)**

The Complaint fails to state a claim upon which relief may be granted.

**Second Defense**
**(Invalidity of the '358 Patent)**

Upon information and belief, the claim of the '358 Patent is invalid and/or unenforceable for failure to satisfy at least one of the requirements for patentability under 35 U.S.C. §§ 101, 102, 103, 112, and/or for being otherwise in violation of one or more of the sections of Parts I, II, and III of Title 35 of the United States Code.   The '358 Patent is also invalid because its design is functional in that the shape is not merely ornamental, but is specifically created to optimize the application or removal of makeup.

**Third Defense**
**(Non-Infringement of the '358 Patent)**

Rite Aid does not infringe and does not infringe, induce infringement, contribute to the infringement of or otherwise indirectly infringe any claim of the '358 Patent, either literally or under the doctrine of equivalents, at least because Rite Aid does not make, use, sell, offer for sale, or import into the United States any instrumentality that embodies the design of the claim of the '358 Patent.

## Fourth Defense
### (Patent Marking of the '358 Patent)

Upon information and belief, Blackbird Technologies is not entitled to any alleged pre-filing infringement damages because of its failure to comply with 35 U.S.C. § 287 and/or its failure to otherwise give proper notice that Rite Aid's actions allegedly infringed the '358 Patent.

## Fifth Defense
### (Waiver, Implied License, Estoppel, and Acquiescence)

Upon information and belief, Blackbird Technologies' claims are barred by the doctrines of waiver, acquiescence, implied license, and/or equitable estoppel.

## Sixth Defense
### (Unavailability of Injunctive Relief)

Blackbird Technologies is not entitled to injunctive relief, because any injury to it is not immediate and irreparable, Blackbird Technologies would have an adequate remedy at law, the balance of hardships favors no injunction, and the public interest is best served by no injunction.

## Seventh Defense
### (Unavailability of Enhanced Damages)

Blackbird Technologies has failed to meet the pleading requirements for enhanced damages and upon information and belief has no basis in fact or law for enhanced damages.

## Eighth Defense
### (Exhaustion, Express and Implied License, First Sale, and Double Recovery)

Upon information and belief, Blackbird Technologies' requested relief is barred or otherwise limited based on patent exhaustion, express or implied license, the "first sale" doctrine, and/or restrictions on double recovery of the '358 Patent.

**Ninth Defense**
**(Other Defenses Based on Later Discovered Evidence)**

Rite Aid reserves all defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the

Patent Laws of the United States and any other defenses, at law or in equity, that may now exist

or in the future be available based on discovery and further factual investigation in this case.

## DEMAND FOR JURY TRIAL

Rite Aid demands a trial by jury on all claims and issues so triable.

|  | Respectfully submitted, |
|---|---|
| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |

|  |  |
|---|---|
| Anthony Fuga | By:  */s/ David E. Moore* |
| R. David Donoghue | David E. Moore (#3983) |
| HOLLAND & KNIGHT LLP | Stephanie E. O'Byrne (#4446) |
| 150 N. Riverside Plaza, Suite 2700 | Tracey E. Timlin (#6469) |
| Chicago, IL  60606 | Hercules Plaza, 6th Floor |
| Tel:  (312) 263-3600 | 1313 N. Market Street |
|  | Wilmington, DE  19801 |
| Ji Mao | Tel:  (302) 984-6000 |
| HOLLAND & KNIGHT LLP | dmoore@potteranderson.com |
| 31 West 52nd Street | sobyrne@potteranderson.com |
| New York, NY 10019 | ttimlin@potteranderson.com |
| Tel:  (212) 513-3200 |  |

Dated:  January 8, 2020                    *Attorneys for Defendant Rite Aid Corporation*
6535859 /49888